UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORLANDO GARCIA,<br><br>    Plaintiff,<br><br>v.<br><br>JESUS GARCIA MACIEL, et al.,<br><br>    Defendants. | Case No. 21-cv-03743-JCS<br><br>**ORDER GRANTING IN PART REQUEST FOR RELIEF FROM GENERAL ORDER 56 AND REQUIRING PARTIES TO MEET AND CONFER**<br><br>Re: Dkt. No. 13 |

    Defendants Jesus Garcia Maciel, Monique Renee Ramos, Guadalupe Murillo, and Rigoberto Murillo seek administrative relief from General Order 56 to permit them to conduct discovery regarding Plaintiff Orlando Garcia's standing for injunctive relief and stay the required site inspection until after resolution of the standing issue. Mot. (dkt. 13) at 1. Garcia opposes this motion. Decl. of Prathima Price (dkt. 16) ¶ 1.

    "The purpose of General Order 56 is to encourage the parties to cooperate to resolve ADA claims quickly and efficiently with minimal cost." *Johnson v. Reimal Fam. Ltd. P'ship*, No. 20-CV-01192-WHO, 2021 WL 428631, at *4 (N.D. Cal. Feb. 8, 2021). It imposes an automatic stay on "all discovery [and] motion practice," with limited exceptions, "unless the assigned judge orders otherwise." N.D. Cal. General Order No. 56. ¶ 3. It additionally requires a "joint site inspection" and a subsequent "settlement meeting." *Id.* ¶¶ 7–8. By its terms, General Order 56 excludes "motions under Rule 12(b)"—which encompasses motions to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1)—from its stay of motion practice. *Id.* ¶ 3. Courts in the Northern District of California have repeatedly found that General Order 56 does not preclude motions to dismiss for lack of subject matter jurisdiction. *See, e.g.*, *Reimal Fam.*, No. 2021 WL 428631, at *4 ("Courts in this district have repeatedly rejected the argument that General Order 56 poses a bar to motions to dismiss."); *Johnson v. Torres Enters. LP*, Case No. 18-cv-02929-VKD,

2019 WL 285198, *2 (N.D. Cal. Jan. 22, 2019) ("General Order 56 does not bar defendants from bringing a motion to dismiss for lack of subject matter jurisdiction, but even if the Order did bar such motions, the Court exercises its discretion to permit defendants' challenge here."). As factual challenges to subject matter jurisdiction under Rule 12(b)(1) require "competent proof," *McNutt v. Gen. Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189 (1936), it follows that lifting the stay on discovery for inquiry into a plaintiff's Article III standing is both consistent with General Order 56 and within the Court's discretion.

In the Court's view, Garcia's status as an ADA tester does not inherently discredit his stated intent to return to any particular business. *See, e.g.*, *Whitaker v. Ramon Bravo, Inc.*, No. 21-CV-03714-JCS, 2021 WL 4133871, at *1 (N.D. Cal. Sept. 10, 2021); *Whitaker v. Panama Joes Invs., LLC*, 840 F. App'x 961, 963 (9th Cir. 2021) (finding imminent injury when a plaintiff "intend[ed] to return to the restaurant to avail himself of its services and determine if it complies with the ADA"). A plaintiff's "status as [an] ADA tester[] . . . does not deprive them of standing." *C.R. Educ. & En't Ctr. v. Hosp. Properties Tr.*, 867 F.3d 1093, 1102 (9th Cir. 2017). To the contrary, a number of cases have recognized a plaintiff's work as a tester as supporting the plausibility of their intent to return. *E.g.*, *Rutherford v. Kelly*, No. 3:20-cv-00293-L-BGS, 2021 WL 488342, at *7 (S.D. Cal. Feb. 9, 2021). On the other hand, given Garcia's significant geographic separation from the establishment at issue, there is a legitimate question of whether Garcia has a genuine intent to return, and Defendants are entitled to test the credibility of his assertions here.

However, the Court sees no reason stay the other requirements of General Order 56, including the site inspection. Defendants have not put forth any reason why they cannot comply with the rest of the General Order while conducting discovery into the standing issue, or why it would impair the speed and efficiency of the litigation. On the contrary, staying the site inspection requirement would serve to slow the process until Defendants' discovery is complete. Although it is possible that the case could ultimately be dismissed for lack of standing, rendering moot any question of the merits, Defendants have not identified any significant prejudice they face in complying with General Order 56, and the Court finds that the benefits of proceeding on pace

outweigh the risk that some of those proceedings might prove to have been unnecessary.[1]

Defendants' request for relief from the stay imposed by General Order 56 ¶ 3 is GRANTED in part to allow limited discovery for the standing issue. Their motion is DENIED in all other respects, including the request to stay the site inspection. The parties are ORDERED to meet and confer to propose a schedule for: (1) Defendants to take Garcia's deposition; (2) Defendants to file a motion to dismiss for lack of subject matter jurisdiction, if they believe it is warranted after taking discovery; and (3) the Court to hold an evidentiary hearing via Zoom, including testimony by Garcia, if Defendants file a motion to dismiss. If the parties can agree to a proposed schedule, they shall file a joint statement to that effect no later than September 21, 2021. If the parties cannot reach an agreement, they may provide separate proposals, not exceeding two pages per side, by the same deadline.

**IT IS SO ORDERED.**

Dated: September 14, 2021

JOSEPH C. SPERO
Chief Magistrate Judge

---

[1] Conducting a site inspection to determine whether any access violations are present at Defendants' establishment would in fact seem to be in Defendants' interest, as well as the public interest, regardless of whether this particular plaintiff has standing to bring a claim, but the outcome of the present motion does not rest on that consideration.