UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORLANDO GARCIA,<br><br>                Plaintiff,<br><br>        v.<br><br>JESUS GARCIA MACIEL, et al.,<br><br>                Defendants. | Case No. 21-cv-03743-JCS<br><br>**ORDER DECLINING TO EXERCISE SUPPLEMENTAL JURISDICTION AND DISMISSING STATE CLAIM** |

## I.   INTRODUCTION

On January 3, 2022, the Court ordered Plaintiff Orlando Garcia to show cause why the Court should not decline to exercise supplemental jurisdiction over Garcia's state-law Unruh Civil Rights Act claim for the reasons stated in *Arroyo v. Rosas*, 19 F.4th 1202 (9th Cir. 2021). *See* dkt. 33. As ordered, Garcia has addressed that question in his opposition to Defendants' motion to dismiss on other grounds. The Court finds the matter suitable for resolution without oral argument. For the reasons discussed below, the Court declines to exercise supplemental jurisdiction, and DISMISSES Garcia's Unruh Act claim sua sponte, without prejudice to pursuing that claim in state court.[1]

Resolving Defendants' pending motion to dismiss Garcia's ADA claim would require an evidentiary hearing to assess the credibility of Garcia's stated intent to return to the business, which the Court previously set for February 11, 2022. In light of the dismissal of Garcia's Unruh Act claim, however, it is not obvious whether Garcia would want to continue pursuing his ADA claim separately, rather than proceeding solely on his Unruh Act claim in state court or filing both claims in state court.[2] The evidentiary hearing on Defendants' motion is therefore CONTINUED

---

[1] The parties have consented to the jurisdiction of a magistrate judge for all purposes under 28 U.S.C. § 636(c).
[2] This order does not reach the question of whether the same outcome as to supplemental jurisdiction would be warranted if a case involving both claims were originally filed in state court and removed by a defendant to federal court.

to March 4, 2022 at 9:30 AM, to occur via Zoom webinar. Garcia is ORDERED to file no later than February 18, 2022 either: (1) a motion or stipulation to dismiss his ADA claim; or (2) a status report indicating that he would like to proceed on that claim in this Court. If Garcia elects to proceed, he shall appear at the March 4th hearing prepared to testify under oath.

## II.    LEGAL STANDARD

When a federal court has original jurisdiction over a claim, the court "shall have supplemental jurisdiction over all other claims that are so related to claims in the action . . . that they form part of the same case or controversy." 28 U.S.C. § 1367(a). State claims are part of the same case or controversy as federal claims "'when they derive from a common nucleus of operative fact and are such that a plaintiff would ordinarily be expected to try them in one judicial proceeding.'" *Kuba v. 1–A Agric. Ass'n*, 387 F.3d 850, 855–56 (9th Cir. 2004) (quoting *Trs. of the Constr. Indus. & Laborers Health & Welfare Tr. v. Desert Valley Landscape & Maint., Inc.*, 333 F.2d 923, 925 (9th Cir. 2003)).

Supplemental jurisdiction is mandatory unless prohibited by § 1367(b),[3] or unless one of the exceptions in § 1367(c) applies. *Schutza v. Cuddeback*, 262 F. Supp. 3d 1025, 1028 (S.D. Cal. 2017). Under § 1367(c), a district court may "decline supplemental jurisdiction over a claim" if:

> (1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).

A district court's discretion to decline to exercise supplemental jurisdiction over state law "is informed by the *Gibbs* values 'of economy, convenience, fairness, and comity.'" *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997) (en banc) (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 726, (1966)). A court may decline to exercise supplemental jurisdiction

---

[3] 28 U.S.C. § 1367(b) applies to civil actions where a district court has original jurisdiction founded solely on 28 U.S.C. § 1332 (diversity jurisdiction). Because the Court's jurisdiction over this case is founded on 28 U.S.C. § 1331 (federal question jurisdiction), § 1367(b) is inapplicable.

2

under § 1367(c) "under any one of [the statute's] four provisions." *San Pedro Hotel Co., Inc. v. City of Los Angeles*, 159 F.3d 470, 478–79 (9th Cir. 1998). When dismissing a state-law claim pursuant to subparts (1) through (3), a district court need not state its reason for dismissal. *Id.* If a district court declines to exercise supplemental jurisdiction under § 1367(c)(4), however, the court must "articulate why the circumstances of the case are exceptional." *Exec. Software N. Am., Inc. v. U.S. Dist. Court*, 24 F.3d 1545, 1557 (9th Cir. 1994), *overruled on other grounds by Cal. Dep't of Water Res. v. Powerex Corp.*, 533 F.3d 1087, 1095 (9th Cir. 2008). The Ninth Circuit has cautioned that declining supplemental jurisdiction based on § 1367(c)(4) should be the exception, not the rule. *Id.* at 1558.

### III.    EXCEPTIONAL CIRCUMSTANCES WARRANT DECLINING JURISDICTION

This case, like thousands of others filed in recent years in federal courts in California, includes two claims: a federal claim under the Americans with Disabilities Act ("ADA") for failure to meet that statute's requirements for ensuring that businesses are accessible to patrons with disabilities, Compl. (dkt. 1) ¶¶ 27–35, and a state-law claim under California's Unruh Act, which incorporates the substantive requirements of the ADA but provides for statutory damages, *id.* ¶¶ 36–39. As the Ninth Circuit noted in *Arroyo*, the number of such cases has greatly increased in the years since California imposed "imposed additional procedural requirements on 'construction-related accessibility claims' in order to address what it believed was continued abuse by 'high-frequency litigant[s],'" including a heightened pleading standard and an increased filing fee. *See Arroyo*, 19 F.4th at 1207 (quoting Cal. Civ. Proc. Code § 425.55(a)(2), (b)) (alteration in original). Courts have generally held that, under the *Erie* doctrine, those requirements do not apply in federal court. *Whitaker v. Surf & Turf, LLC*, No. 21-cv-03100-JCS, 2021 WL 3427122, at *5 (N.D. Cal. Aug. 5, 2021). A search of this Court's electronic filing system indicates that since the beginning of last year, Garcia has personally filed more than three hundred cases in this district.

Before *Arroyo*, district courts were divided as to whether to exercise supplemental jurisdiction over Unruh Act claims brought concurrently with ADA claims. This Court, along with other decisions from this district and others, denied motions to dismiss such claims in several

cases. *See, e.g.*, *Whitaker v. Ramon Bravo, Inc.*, No. 21-cv-03714-JCS, 2021 WL 4133871, at *6 (N.D. Cal. Sept. 10, 2021); *Surf & Turf*, 2021 WL 3427122, at *4–5; *Castillo-Antonio v. Hernandez*, No. 19-cv-00672-JCS, 2019 WL 2716289, at *6–9 (N.D. Cal. June 28, 2019) (citing *Johnson v. Morning Star Merced, LLC*, No. 1:18-CV-0558 AWI EPG, 2018 WL 4444961 (E.D. Cal. Sept. 14, 2018); *Schoors v. Seaport Vill. Operating Co., LLC*, No. 16CV3089 (AJB), 2017 WL 1807954 (S.D. Cal. May 5, 2017)). Other courts, largely in southern California, declined to exercise supplemental jurisdiction on the grounds that state law issues predominated or exceptional circumstances warranted declining jurisdiction. *E.g.*, *Schutza*, 262 F. Supp. 3d at 1029–32; *Vogel v. Winchell's Donut*, 252 F. Supp. 3d 977, 986 (C.D. Cal. 2017).

The Ninth Circuit held in *Arroyo* that, on one hand, the damages remedy under the Unruh Act for violations of the ADA, and on the other hand, California's heightened procedural requirements for high-frequency disability access litigants, "have combined to create a highly unusual systemic impact on ADA-based Unruh Act cases that clearly threatens to have a significant adverse impact on federal-state comity." 19 F.4th at 1211. Based on its review of legislative history and codified law, the Ninth Circuit determined that California's procedural requirements were intended to discourage the filing of Unruh Act cases motivated by "quick cash settlements rather than correction of the accessibility violation." *Id.* at 1206–07 (quoting Cal. Civ. Proc. Code § 425.55(a)(2). Because "retention of supplemental jurisdiction over ADA-based Unruh Act claims threatens to substantially thwart California's carefully crafted reforms in this area and to deprive the state courts of their critical role in effectuating the policies underlying those reforms," the Ninth Circuit concluded that the circumstances presented "are 'exceptional' in any meaningful sense of the term," and failing to recognize them as such "would improperly ignore the very substantial threat to federal-state comity that this overall situation presents." *Id.* at 1213. The panel had "little difficulty concluding that the district court did not abuse its discretion in concluding that the situation presented here involves 'exceptional circumstances' within the meaning of § 1367(c)(4)." *Id.* at 1214. Based on the procedural posture of the case before it, however—where the district court had already determined that the plaintiff was entitled to summary judgment on his ADA claim, thus establishing a per se violation of the Unruh Act—the

4

Ninth Circuit held that the district court abused its discretion in declining supplemental jurisdiction, because doing so at that late stage with no meaningful issues left to be determined would frustrate the interests of judicial economy and convenience. *Id.* at 1214–17.

As far as this Court is aware, every decision thus far to consider the issue in light of *Arroyo*—all from the Central District of California, and all after issuing to orders to show cause—has declined to exercise supplemental jurisdiction. *Valencia v. Desotovanowen Realty LLC*, No. CV 22-287 MWF (PVCx), 2022 U.S. Dist. LEXIS 20555 (C.D. Cal. Feb. 3, 2022); *Cuevas v. DP Grand Simi LP*, No. CV 22-196 MWF (PVCx), 2022 U.S. Dist. LEXIS 17384 (C.D. Cal. Jan. 28, 2022); *Kwon v. Leahy Assocs. LLC*, No. 2:21-cv-09851-MCS-JPR, 2022 U.S. Dist. LEXIS 10144 (C.D. Cal. Jan. 13, 2022); *Cuevas v. RIF, Inc.*, No. 2:21-cv-09900-MCS-PVC, 2022 U.S. Dist. LEXIS 10134 (C.D. Cal. Jan. 13, 2022); *In Sun Kil v. Etehad LLC*, No. CV 21-8075-DMG (AGRx), 2022 U.S. Dist. LEXIS 5628 (C.D. Cal. Jan. 10, 2022); *Yiun v. Ventura-Willis Props., LLC*, No. CV 21-7675-DMG (PLAx), 2022 U.S. Dist. LEXIS 5627 (C.D. Cal. Jan. 10, 2022); *Park v. Sim*, No. 2:21-cv-09869-SB-GJS, 2022 U.S. Dist. LEXIS 4770 (C.D. Cal. Jan. 7, 2022); *Kim v. Shalabi*, No. CV 21-9466 MWF (GJSx), 2022 WL 193967 (C.D. Cal. Jan. 6, 2022); *Vera v. Woodley Ctr., LLC*, No. CV 21-9594 MWF (AGRx), 2022 U.S. Dist. LEXIS 8212 (C.D. Cal. Jan. 6, 2022); *Vera v. Woodley Ctr., LLC*, No. CV 21-9594 MWF (AGRx), 2022 U.S. Dist. LEXIS 8212 (C.D. Cal. Jan. 6, 2022); *Hwan Kim v. Alike Shalabi*, No. CV 21-9466 MWF (GJSx), 2022 U.S. Dist. LEXIS 8207 (C.D. Cal. Jan. 6, 2022); *Dorsey v. Vurgec Route 66, LLC*, No. CV 21-8352-DMG (PDx), 2022 U.S. Dist. LEXIS 3957 (C.D. Cal. Jan. 6, 2022); *Dorsey v. F H Assocs., LLC*, No. CV 21-8320-DMG (Ex), 2022 U.S. Dist. LEXIS 3956 (C.D. Cal. Jan. 6, 2022); *Kee Sook Ahn v. Kai Hung Wons*, No. CV 21-9439 MWF (MAAx), 2022 U.S. Dist. LEXIS 8206 (C.D. Cal. Jan. 6, 2022); *Zendejas v. SAB Inv. Prop. LLC*, No. CV 21-9493 MWF (JCX), 2022 WL 194074 (C.D. Cal. Jan. 6, 2022); *Cuevas v. W. L.A. Music, Inc.*, No. CV 21-9698 MWF (AGRx), 2022 U.S. Dist. LEXIS 8199 (C.D. Cal. Jan. 6, 2022); *Valencia v. Balboa Square Partners LLC*, No. 2:21-cv-09758-SB-KS, 2022 U.S. Dist. LEXIS 3163 (C.D. Cal. Jan. 5, 2022); *Back v. Singh*, No. 2:21-cv-09671-SB-MRW, 2022 U.S. Dist. LEXIS 10153 (C.D. Cal. Jan. 4, 2022); *Ho v. The Neiman Marcus Grp. LLC*, No. 2:21-cv-07707-SB-MAA, 2022 WL 193991 (C.D. Cal. Jan. 4,

2022); *Jones v. Agape Mission Church*, No. 2:21-cv-09081-SB-E, 2022 U.S. Dist. LEXIS 3164 (C.D. Cal. Jan. 4, 2022); *Jones v. Main & 83rd LLC*, No. 2:21-cv-06415-SB-MAR, 2022 U.S. Dist. LEXIS 2366 (C.D. Cal. Jan. 4, 2022); *Kee Sook Ahn v. Lopez*, No. 2:21-cv-09703-SB-GJSx, 2022 U.S. Dist. LEXIS 2367 (C.D. Cal. Jan. 4, 2022); *Walker v. Thrifty Oil Co.*, No. 2:21-cv-09118-SB-SK, 2022 U.S. Dist. LEXIS 9924 (C.D. Cal. Jan. 4, 2022); *Zendejas v. Crisp*, No. 2:21-cv-09542-SB-AS, 2022 U.S. Dist. LEXIS 10151 (C.D. Cal. Jan. 4, 2022); *Zendejas v. Parthenia Ctr., LLC*, No. 2:21-cv-09188-SB-KS, 2022 U.S. Dist. LEXIS 3162 (C.D. Cal. Jan. 4, 2022); *Kim v. 7255 LLC*, No. 2:21-cv-09399-MCS-MAA, 2021 U.S. Dist. LEXIS 251117 (C.D. Cal. Dec. 28, 2021); *Zendejas v. Jenshar Ltd. P'ship*, No. CV 21-09503-RSWL-PVC, 2021 WL 6618921 (C.D. Cal. Dec. 22, 2021); *Dunn v. Burnbaum*, No. 2:21-cv-07464-MCS-MAA, 2021 U.S. Dist. LEXIS 252016 (C.D. Cal. Dec. 13, 2021).[4]

Responding to this Court's order to show cause, Garcia argues that supplemental jurisdiction is appropriate despite *Arroyo*. Opp'n (dkt. 34) at 6–12. Portions of his response amount to an argument that the Ninth Circuit simply got it wrong, and that California's procedural requirements are not particularly important or effective. *Id.* at 7–10. While *Arroyo*'s finding of exceptional circumstances is perhaps dicta in light of its conclusion that the posture of that case warranted retaining jurisdiction, this Court is not inclined to disregard a published, carefully reasoned opinion of the Ninth Circuit, particularly given its unambiguous conclusion that the "circumstances are 'exceptional' in any meaningful sense of the term" and failing to recognize them as such in light of the threat posed to "federal-state comity" would be "improper[]." *Arroyo*, 19 F.4th at 1213. And while this Court has previously reached a different conclusion, it did so where parties failed to present authority indicating that the California legislature intended to reduce the burden of disability access litigation on defendants, rather than perhaps merely "to

---

[4] Other decisions have cited *Arroyo* to bolster the conclusion that supplemental jurisdiction over an Unruh Act claim is not appropriate after the only federal claim has been dismissed, which is a clearer question than where, as here, the ADA claim remains in the case. *E.g.*, *Strojnik v. Moraya Invs., LLC*, No. 20-cv-01291-DMR, 2022 WL 181260, at *6 (N.D. Cal. Jan. 20, 2022). In several other cases, courts have issued orders to show cause that have not yet been resolved. *E.g.*, *Dorsey v. Cabrera's Family Rest., Inc.*, No. CV 22-600-DMG (SKx), 2022 U.S. Dist. LEXIS 20645 (C.D. Cal. Feb. 3, 2022).

alleviate congestion of the California courts"—a purpose that would be unimpaired, and perhaps furthered, by allowing plaintiffs to pursue their claims in federal court instead. *E.g.*, *Castillo-Antonio*, 2019 WL 2716289, at *9 n.7. The Ninth Circuit's recognition of a legislative intent to discourage cases motivated by cash settlements rather than removal of access barriers lays that question to rest. *Arroyo*, 19 F.4th at 1206–07.

Garcia notes that the California legislature recognized that most Unruh Act access cases identify actual violations of the law and that some of the information called for in the heightened pleading requirements might not be otherwise admissible, Opp'n at 8–10 (citing legislative committee reports), but the fact remains that the legislature passed the law establishing those requirements. It is that official act of the legislature as a whole, rather than any doubts acknowledged in reports of its various committees, that is entitled to deference under principles of comity.

Taking into account the Ninth Circuit's analysis in *Arroyo*, this Court "ha[s] little difficulty concluding . . . that the situation presented here involves 'exceptional circumstances' within the meaning of § 1367(c)(4)." *See Arroyo*, 19 F.4th at 1214.

Garcia also argues that, like in *Arroyo*, the *Gibbs* factors warrant exercising supplemental jurisdiction despite those exceptional circumstances. He contends that he has already provided in his deposition the same information that would be required under California's pleading standard, such that requiring him to refile in state court "would be the same sort of 'pointless make-work' that the panel in *Arroyo* saw as sufficient to overturn the district court's declination of jurisdiction." Opp'n at 11 (quoting *Arroyo*, 19 F.4th at 1216). But the only portion of Garcia's deposition that appears in the record, filed by Defendants with their motion, does not address "the reason [he] was in the geographic area of the defendant[s'] business" during his May 2021 visit to Oakland[5] or "the number of complaints alleging a construction-related accessibility claim that [he]

---

[5] In response to defense counsel's question about a later trip to Oakland in October of 2021, Garcia stated generally that he likes the area, collects records, and goes to lowrider shows, Garcia Dep. at 6:19–7:5, but the deposition does not include an explanation of his May 2021 visit specifically, or any discussion of why Garcia was in the area of Defendants' store when the merchandise outside caught his attention, *see id.* at 15:3–10.

7

filed during the 12 months prior to filing the complaint," to name two of California's requirements. Cal. Civ. Proc. Code § 425.50(a)(4)(A)(ii)–(iii); *see generally* Garcia Dep. (dkt. 32-3). To the contrary, when asked about the number of complaints he filed in other specific periods of time, Garcia indicated that he could not recall. Most importantly, though, the merits of Garcia's ADA claim have not yet been fully adjudicated. Requiring him to pursue his Unruh Act claim in state court therefore would not be "pointless" in the same way as in *Arroyo*, where liability under the ADA and thus also under the Unruh Act had already been established, because it would give the state court an opportunity to collect the information the legislature has required and draw whatever conclusions from that information the court might find appropriate with respect to the merits of Garcia's claim.

Garcia also argues that fairness weighs against declining jurisdiction, because this Court's General Order 56, which governs ADA access cases, promotes the same goals as California's procedural requirements—in Garcia's view, more effectively. Opp'n at 11–12. In the Court's view, however, comity does not permit this Court to substitute its judgment for that of the California legislature in determining how best to achieve the legislature's goals.

Under the circumstances of this case, which has not progressed beyond threshold questions of standing and jurisdiction, the strong comity concerns identified by the Ninth Circuit in *Arroyo* outweigh any countervailing considerations of economy and efficiency that might be adversely affected by requiring Garcia to refile his Unruh Act claim in state court. Fairness also counsels in favor of declining jurisdiction, because allowing Garcia to pursue his Unruh Act claim here would countenance "a wholesale evasion of . . . critical limitations on damages relief" that the California legislature has seen fit to impose for claims under that statute. *Arroyo*, 19 F.4th at 1213. Accordingly, taking into account "the *Gibbs* values of economy, convenience, fairness, and comity," the Court declines to exercise supplemental jurisdiction over Garcia's Unruh Act claim. *See Acri*, 114 F.3d at 1001 (cleaned up).

## IV.   CONCLUSION

For the reasons discussed above, Garcia's claim under the Unruh Act is DISMISSED sua sponte, without prejudice to refiling that claim in state court. The hearing on Defendants' motion

to dismiss is continued, and Garcia shall file an update regarding his ADA claim as discussed above.

**IT IS SO ORDERED.**

Dated: February 9, 2022

JOSEPH C. SPERO
Chief Magistrate Judge